IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FELIX A. MONGE,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )        Case No. 12-2269-EFM
                                         )
ST. FRANCIS HEALTH CENTER, INC.,         )
                                         )
                    Defendant.           )

## REPORT AND RECOMMENDATION

The plaintiff, Felix A. Monge, has filed a second motion to amend the scheduling order, seeking to extend various deadlines and requesting leave to amend the complaint (**doc. 56**). The defendant, St. Francis Health Center, Inc., does not oppose the motion to the extent it seeks to modify various pretrial deadlines but does oppose plaintiff's request to amend the complaint. The court previously granted the unopposed portions of plaintiff's motion (doc. 59). Thus, the only matter remaining before the court is whether plaintiff may amend the complaint to add his wife as a party and to allow his wife to bring claims for nursing care she provided on plaintiff's behalf and for out-of-pocket medical expenses incurred by plaintiff. For the reasons discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, recommends that the presiding U.S. District Judge, Eric F. Melgren, grant in part and deny in part plaintiff's motion to amend the pleadings.

## I.  Background

On May 9, 2012, plaintiff filed his original complaint alleging common law counts of negligence, negligence per se, negligent hiring, and loss of consortium relating to a car accident that occurred on February 11, 2009 (doc. 1).  On July 12, 2012, plaintiff sought to amend the complaint by withdrawing his claim of negligent hiring (doc. 11).  The motion was granted (doc. 12), and on July 17, 2012 plaintiff filed his first amended complaint (doc. 19).  On December 19, 2012, plaintiff filed a second motion to amend the pleadings (doc. 56), seeking to add his wife as a party and to allow his wife to bring a claim for nursing care and out-of-pocket medical expenses.  Defendant opposes the motion, arguing that plaintiff fails to establish "good cause" under Fed. R. Civ. P. 16(b)(4) and fails to satisfy the factors to amend a pleading pursuant to Fed. R. Civ. P. 15(a).

## II.  Analysis[1]

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15 dictates that the court "should freely give leave when justice so requires."  When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) may also be implicated.[2]  Rule 16(b)(4)

---

[1] Defendant correctly notes that plaintiff failed to attach the proposed amended pleading as required by D. Kan. Rule 15.1.  In his reply, plaintiff corrects his prior error by attaching the proposed amended pleading.

[2] The Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling

provides that a scheduling order may be modified "only for good cause." Thus, courts in the District of Kansas determine whether the Rule 16(b)(4) "good cause" standard has been established before proceeding to determine if the more liberal Rule 15(a) standard has been satisfied.[3]  Because the scheduling order (doc. 10) set a deadline of September 4, 2012 for joining additional parties or otherwise amending the pleadings but plaintiff did not file the instant motion to amend until December 19, 2012, the court will follow this two-step approach.

## A.  Rule 16(b)(4)

To establish "good cause" under Rule 16(b)(4), plaintiff must show that he could not have met the scheduling order deadline for amending his complaint even if he had acted with due diligence.[4]  The lack of prejudice to the nonmovant does not demonstrate "good cause."[5]  Where a party has the factual basis to bring certain claims long before the

---

orders."  *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)); *see also Martinez v. Target Corp.*, 384 Fed. App'x 840, 846 n.5 (10th Cir. 2010) (declining to address whether Rule 16(b)(4)'s "good cause" standard applies under the circumstances presented).

[3]  *See, e.g., Markham v. BTM Corp.*, No. 08-4032-SAC, 2009 WL 4507942, at *1 (D. Kan. Dec. 2, 2009); *Miller v. Union Pacific R.R.*, No. 06-2399-JAR, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008); *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146-CM, 2008 WL 2944909, at *2 (D. Kan. July 28, 2008).

[4]  *Miller*, 2008 WL 4271906, at *2; *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993).

[5]  *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citing *Lone Star Steakhouse & Saloon, Inc. v.*

scheduling order deadline, the party's failure to timely amend its complaint constitutes a lack of diligence and thus does not demonstrate "good cause."[6]

Here, plaintiff filed the original complaint on May 9, 2012, over three years after the accident occurred, and filed a first amended complaint approximately three months thereafter. Based on the record, the court is not persuaded that plaintiff could not have met the scheduling order deadline to add a claim for out-of-pocket medical expenses had he acted with due diligence. Although plaintiff argues this claim was first brought to light during his wife's December 10, 2012 deposition, he has been accruing medical expenses since the February 11, 2009 car accident. Thus, plaintiff had the factual basis to bring this claim long before the scheduling order deadline, and he has not shown good cause to amend the complaint by adding a claim for out-of-pocket medical expenses.

Plaintiff has, however, shown good cause to add his wife as a party so that she may bring a claim for nursing care rendered on his behalf. According to plaintiff, his health suffered a recent and significant decline. Based on this decline, plaintiff's wife was forced to leave her job on September 29, 2012 so that she could take care of him full time (doc. 61, at 8). Because the factual basis giving rise to a claim for nursing care

---

*Liberty Mut. Ins. Group*, No. 02-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. Mar. 13, 2003)).

[6] *J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11-2112-EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012).

arguably did not arise until after the scheduling order deadline, plaintiff has shown good cause to amend the complaint in this regard.

## B. Rule 15(a)(2)[7]

As mentioned above, Rule 15(a) anticipates the liberal amendment of pleadings. The court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[8]   Nonetheless, a court may deny leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment."[9]   The case at bar clearly does not involve bad faith or dilatory motive.   Instead, defendant argues plaintiff's motion was brought with undue delay; it would be prejudiced if plaintiff is allowed to add the proposed claim; and plaintiff's proposed amendment is futile because the claim is time-barred.

1.  Undue Delay

---

[7] Because plaintiff has not satisfied Rule 16(b)(4) as to his proposed claim for out-of-pocket medical expenses, the court will not proceed to analyze this claim under Rule 15(a)(2).

[8] *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989).

[9] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When determining whether a motion has been brought with undue delay, the Tenth Circuit focuses primarily on the reasons for the delay.[10]  As noted above, plaintiff contends that his health recently declined forcing his wife to quit her job to provide full-time nursing care on his behalf.  As plaintiff asserts the circumstances giving rise to this claim arose recently, the court is satisfied that plaintiff does not bring his request with undue delay.

2.  Undue Prejudice

Defendant next argues it will be prejudiced if plaintiff is allowed to amend the complaint due to the expense of redeposing plaintiff and his wife.  For purposes of Rule 15, undue prejudice means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[11]  Courts have found that undue prejudice often "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[12]

Here, the subject matter giving rise to plaintiff's proposed additional claim is the same as the subject matter giving rise to his original claims.  Thus, plaintiff's proposed amendment will not result in undue difficulty in defending the lawsuit.  Moreover, given

---

[10] *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

[11] *Carefusion 213, LLC*, 2010 WL 4004874, at *4.

[12] *Id.*

that discovery is not scheduled to close until May 8, 2013 (doc. 59), defendant will have ample opportunity to pursue any discovery related to plaintiff's additional claim.  And the cost of redeposing plaintiff and his wife is minimal when weighed against the court's preference to resolve the case on the merits.  Accordingly, the court finds that defendant will not suffer undue prejudice if plaintiff is permitted to add his wife as a party and to add a claim for the nursing care she provided on his behalf.

3. Futility

Finally, defendant contends that plaintiff's proposed amendment should not be allowed because the amendment is futile.  Specifically, defendant argues the Servicemembers' Civil Relief Act[13] that tolls plaintiff's claims because he was on active duty in the United States Army at the time the injury occurred does not apply to plaintiff's wife.  Accordingly, defendant argues, any potential claims brought by plaintiff's wife arising out of the February 11, 2009 accident are barred by the statute of limitations.

As the court has concluded that defendant's other bases for opposing plaintiff's request to amend are without merit and the deadline for filing motions to dismiss has not yet passed, the court may properly exercise its discretion to allow the amended complaint.[14]  Allowing the filing of an amended complaint under these circumstances

---

[13] 50 U.S.C. app. §§ 501 *et seq.*

[14] *See Tommey v. Computer Sciences Corp.*, No. 11-2214-EFM, 2012 WL 646022, at *2 (D. Kan. Feb. 28, 2012); *Davis v. Turner Unified Sch. Dist. No. 202*, No. 10-2381-KHV,

comports with the liberal amendment policy of Rule 15(a) without creating prejudice to the opposing party.  As this early stage in the case, the undersigned concludes the better course is to allow the amended complaint and allow the presiding judge to address the legal sufficiency of the allegedly futile claim on a properly filed motion to dismiss.

Accordingly, the undersigned recommends the presiding judge deny plaintiff's request to amend the complaint by adding a claim for out-of-pocket medical expenses and grant plaintiff's request to add his wife as a party and add a claim for nursing care rendered by plaintiff's wife.  Defendant shall file any motion to dismiss within the time frame set forth in Fed. R. Civ. P. 15(a)(3).

The parties are hereby informed that, within 14 days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  A party must file any objections within the 14 day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

---

2011 WL 1230463, at *5 (D. Kan. Mar. 29, 2011).  The court recognizes that in both *Tommey* and *Davis*, the party opposing the proposed amendment based its challenge solely on the grounds of futility.  Here, defendant challenged plaintiff's proposed amendments on the bases of undue delay, undue prejudice, and futility.  Because defendant's first two grounds are completely without merit, the court concludes it may exercise discretion to allow the amended complaint as set forth in *Tommey* and *Davis*.

IT IS SO ORDERED.

Dated January 10, 2013, at Kansas City, Kansas.

       s/ James P. O'Hara       
James P. O'Hara
U. S. Magistrate Judge